# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| TRACY SPENCER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>,<br><br>　　　　　Defendant. | Case No.: _____<br><br>Removed from<br>Montgomery Circuit Court<br>Civil Action No. 22-CI-90053 |

## NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed and is currently pending in Montgomery Circuit Court, Case No. 22-CI-90053. In support of this Notice of Removal, Prudential states the following:

### Timeliness And Background

1.　On April 29, 2022, Plaintiff Tracy Spencer ("Plaintiff") commenced a civil action against Prudential by filing a complaint in Montgomery Circuit Court, Kentucky. The lawsuit is recorded on that court's docket as Case No. 22-CI-90053. There are no other parties named in Plaintiff's complaint.

2.　On May 4, 2022, Plaintiff served Prudential by certified mail through its registered agent. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's complaint, which constitutes "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as Exhibit A. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

**Plaintiff's Claims Arise Under ERISA and are Removable
Based on Federal Question Jurisdiction**

3. In her Complaint, Plaintiff alleges a claim under §502 of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA"), seeking long-term disability ("LTD") benefits allegedly due to her under an insurance plan sponsored by her employer, Masco Corporation (the "plan"). (*See* Ex. A, Compl. ¶¶ 29, 31, 44) *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan . . . .").

4. Plaintiff's Complaint, on its face, alleges a claim for benefits brought pursuant to ERISA (see Ex. A., Compl. ¶¶ 31), and thus alleges a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Even if Plaintiff did not explicitly invoke ERISA in bringing suit, ERISA would provide an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans, including any breach of contract claim alleged in the Complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

7. The Court thus has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

**Venue and Notice**

8. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 97, this Court embraces the State of Kentucky, Circuit Court, Montgomery County, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

9. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Clerk of Court for Montgomery Circuit Court, Kentucky, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit B.

10. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant, The Prudential Insurance Company of America submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Eastern District of Kentucky. Prudential also requests all other relief, at law or in equity, to which it is justly entitled.

**DATED: May 20, 2022**               Respectfully submitted,

                                                THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

By: */s/ Buddy J. VanCleave*
      One of Its Attorneys

Buddy J. VanCleave
Quintairos, Prieto, Wood & Boyer, PA
9300 Shelbyville Road, Suite 400
Louisville, KY 40222
Phone: 502-423-6390
Fax: 502-423-6391
Email: buddy.vancleave@qpwblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing PRUDENTIAL'S NOTICE OF REMOVAL to be served upon the following, using the Court's ECF filing system on this 20th day of May, 2022:

>Elizabeth A. Thornsbury
>Philip G. Fairbanks
>Mehr, Fairbanks & Peterson
>201 West Short Street, Suite 800
>Lexington, KY 40507
>Telephone: 859-225-3731
>Email: elizabeth@austinmehr.com
>         pgf@austinmehr.com
>Counsel for Plaintiff

>By: */s/ Buddy J. VanCleave*
>     Attorney for Prudential

83423412v.1