

Exhibit A

COMMONWEALTH OF KENTUCKY
MONTGOMERY CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

TRACY SPENCER                                                                PLAINTIFF

vs.                                           **COMPLAINT**

THE PRUDENTIAL INSURANCE                                                     DEFENDANT
COMPANY OF AMERICA

    **To be served through:**
    CT Corporation System
    306 West Main Street
    Suite 512
    Frankfort, KY 40601

*** *** *** ***

Comes the Plaintiff, Tracy Spencer, and for her Complaint against Defendant The Prudential Insurance Company of America, states as follows:

1. Plaintiff Tracy Spencer is a citizen and resident of Montgomery County, Kentucky.

2. Defendant The Prudential Insurance Company of America ("Prudential") is an insurance company believed to be domiciled in the state of New Jersey, authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority. Prudential's statutory home office is located at 751 Broad Street, Newark, New Jersey 07102.

3. Prudential's service of process agent is CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, and may be served through the service of process agent.

4. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Montgomery County, Kentucky.



5. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Masco Corporation since on or about July 28, 2000 employed most recently in the glazing department of Masco Corporation.

6. Masco Corporation established and provided a long-term disability plan ("Plan" or "LTD Plan") to its employees, which includes Plaintiff. The Group Contract Number for the long-term disability ("LTD") policy is believed to be G-51177-MI.

7. Plaintiff was covered and eligible under the Plan.

8. The disability policy defines disability and entitles Plaintiff to receive LTD benefits, if Plaintiff meets the following definition:

> You are disabled when:
>
> - you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and
>
> - you are under the *regular care* of a *doctor*; and
>
> - you have a 20% or more loss in your *monthly earnings* due to that sickness or injury.
>
> After 24 months of payments, you are disabled when due to the same sickness or injury:
>
> - you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and
>
> - you are under the regular care of a doctor.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.
>
> Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:
>
> - your doctors; and
>
> - doctors, other medical practitioners or vocational experts of our choice.

> When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.[1]

9. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the disability policy.

10. Plaintiff, while working for Masco Corporation, became disabled under the terms of the disability policy, which disability arose after the Effective Date of the policy, and she was unable to return to work at Masco Corporation since on or about May 2, 2018, and remains disabled under the terms of the disability policy.

11. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the disability policy. Plaintiff's disability claim number is believed to be 12444634.

12. Prior to filing a claim for LTD benefits, Plaintiff received short-term disability benefits.

13. By letter dated December 14, 2018, Defendant denied Plaintiff's claim for LTD benefits.

14. On June 11, 2019, Plaintiff timely and properly appealed Defendant's denial of her claim.

15. By letter dated August 6, 2019, Defendant reversed its previous denial of benefits and approved LTD benefits effective October 29, 2018. The August 6, 2019 also approved the remaining portion of short-term disability benefits owed to Plaintiff for the time period of November 1, 2018 through November 6, 2018.

16. After her claim was reinstated, Plaintiff thereafter continued receiving LTD benefits from Defendant for a period of time

17. By letter dated August 21, 2020, Defendant denied Plaintiff's claim for LTD benefits beyond August 31, 2020.

---

[1] Emphasis in original.

18. On February 15, 2021, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable policy.

19. Plaintiff submitted additional medical documentation and proof of her disability with the appeal, including an independent medical evaluation.

20. Plaintiff thereafter submitted additional documentation supporting her claim for LTD benefits with Prudential, including additional medical records, an opinion letter from her doctor, and another independent medical evaluation report.

21. By letter dated September 13, 2021, Defendant upheld the denial of Plaintiff's LTD claim.

22. On or about September 16, 2021, Plaintiff was deemed disabled by the Social Security Administration.

23. On March 10, 2022, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable policy.

24. Plaintiff submitted additional medical documentation and proof of her disability with the appeal, including medical records, an independent vocational evaluation, and proof of her approval for Social Security Disability benefits.

25. Plaintiff thereafter submitted additional medical documentation supporting her claim for LTD benefits with Prudential.

26. By letter dated April 27, 2022, Defendant upheld the denial of Plaintiff's claim for LTD benefits.

27. The April 27, 2022 letter states Defendant's "decision is final and cannot be appealed further to Prudential" and Plaintiff "may file a lawsuit under the Employee Retirement Income Security Act (ERISA)."

28. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy.

29. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

30. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

## COUNT I

31. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

32. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of benefits under the plan and to recover benefits under the terms of the plan.

33. Under the terms of the insurance policy, Plaintiff is entitled to continued monthly LTD benefits until the maximum benefit duration date in the policy.

34. Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

35. Defendant's decision to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

36. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

37. Defendant employed doctors to review Plaintiff's claim and used these file review reports to support its denials of benefits.

38. The doctors employed by Defendant did not examine or speak with Plaintiff.



39. Despite Defendant's authority to have Plaintiff examined under the terms of the policy, Defendant did not examine Plaintiff.

40. Defendant disregarded the objective evidence submitted by Plaintiff on appeal.

41. Defendant's review processes, including the failure to examine Plaintiff, lacked due process to Plaintiff.

42. Defendant's review processes, including the failure to examine Plaintiff, was biased in favor of Defendant.

43. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

44. Defendant has failed to perform a full and fair review as required under 29 U.S.C. § 1133 and the associated ERISA regulations.

45. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
**Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*